**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CHRISTOPHER-EARL STRUNK,<br>    Plaintiff | ) ) ) |  |
| v. | ) ) | **Civil Action No. 10-486**<br>**UNDER SEAL** |
| BARACK HUSSEIN OBAMA, et al.<br>    Defendants. | ) ) ) ) |  |

## MEMORANDUM & ORDER

Before the Court is Christopher-Earl Strunk's complaint [1] seeking to supplement the complaint filed in *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010). Upon consideration of the complaint and the applicable law, the Court will dismiss the complaint without prejudice for the reasons set forth below.

### I.    LEGAL STANDARDS

#### A.  *Nature of Stunk's Filing*

Strunk styles his filing as an "Interpleader Verified Complaint" under Federal Rule of Civil Procedure 22. He seeks to supplement the complaint filed in *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010), with additional causes of action. As to these causes of action, Strunk asks the Court for summary judgment, declaratory judgment, and various writs of mandamus.

Rule 22 is not the proper vehicle for Stunk's filing. Under Rule 22(a)(1), "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Strunk does not seek to join any person as a defendant; rather, he seeks to supplement a complaint filed in a separate case. Under Rule 22(a)(2), "[a] defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." Fed. R. Civ. P. 22(a)(2). Strunk is not a defendant exposed to liability here.

1

Because Strunk cannot satisfy either test for interpleader, he cannot file under Rule 22. As a *pro se* litigant, however, his filing is entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (recognizing that *pro se* filings are held "to less stringent standards than formal pleadings drafted by lawyers"); *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). The Court will thus construe Strunk's filing as a complaint in its own right.

### B. *Article III Standing*

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies. U.S. Const. art. III, §2, cl. 1. Consequently, "a showing of standing 'is an essential and unchanging' predicate to any exercise of [a court's] jurisdiction." *Fla. Audubon Soc'y v. Bensten*, 94 F.3d 658, 663 (D.C. Cir. 1996) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In other words, "Article III standing must be resolved as a threshold matter." *Raytheon Co. v. Ashborn Agencies, Ltd.*, 372 F.3d 451, 453 (D.C. Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)). Indeed, the requirement that courts liberally interpret *pro se* pleadings does not dispense with the constitutional requirement of standing. *See Dorsey v. Dist. of Columbia*, No. 10-0741, 2010 WL 4313334, *4 (D.D.C. Nov. 2, 2010) (dismissing a *pro se* plaintiff's claims for lack of standing).

As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing. *Steel Co.*, 523 U.S. at 104; *Lujan*, 504 U.S. at 561. The "irreducible constitutional minimum of standing" consists of three elements. *Lujan*, 504 U.S. at 560. The plaintiff must demonstrate all three elements to establish standing. First, the plaintiff must have suffered an injury in fact. *Id.* The injury must be concrete and particularized, as well as actual or imminent. *Id.* The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper

application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573–74.

The second element of standing requires the plaintiff to show "a causal connection between the injury and the conduct complained of." *Id.* at 560. Third and finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

### C.  Failure to State a Claim under Rule 12(b)(6)

A district court may dismiss a complaint *sua sponte* for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) where "it is patently obvious that [the plaintiff] could not have prevailed on the facts alleged in his complaint." *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990). Even under a liberal *pro se* standard, dismissal is appropriate where the plaintiff's complaint provides no factual or legal basis for the requested relief. *Prince v. Purdue*, No. 10-240, 2010 WL 724705, *2 (D.D.C. Feb. 24, 2010) (dismissing plaintiff's *pro se* complaint *sua sponte* because it "provide[d] no factual or legal basis for her various requests for relief and fail[ed] to specify any alleged wrongdoing by defendants that would support a viable claim for relief"); *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (same).

## II.   DISCUSSION

### A.  President's Alleged Ineligibility for Office

In his first cause of action, plaintiff asserts that the President is ineligible for office because he has dual allegiance and is not a natural-born citizen of the United States. Plaintiff contends that the President's acts are thus void *ab initio*. He claims to have suffered an

"informational injury as a voter and member of the public." Plaintiff asserts only a generalized grievance here, rather than a particularized injury. He thus lacks standing to bring his claim. *See Lujan*, 504 U.S. at 573–74.

### B.  Federal Fraud Claim and Replevin Action

Plaintiff alleges that the President "is paying the debt of the USA with debt, which is a federal crime fraud." He claims that the President is taking his property, and seeks to recover that property through a state law replevin action.

To the extent that plaintiff attempts to state a claim under federal law, he lacks standing to do so. He apparently claims injury as a taxpayer, which is generally an insufficient basis for standing. *Flast v. Cohen*, 392 U.S. 83, 85 (1968). Furthermore, he invokes no federal law and has thus failed to state a claim under Rule 12(b)(6). Because there is no federal claim over which the Court can exercise jurisdiction, plaintiff cannot initiate a state law replevin action. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that a federal court has jurisdiction over a state law claim only when that claim shares "a common nucleus of operative fact" with a federal claim over which the court already has jurisdiction).

### C.  Conspiracy in Violation of 42 U.S.C. § 1971

Plaintiff also alleges that the President has conspired to use various campaign committees to solicit and obtain foreign donations in violation of 42 U.S.C. § 1971. He contends that this constitutes a national security dilemma that will harm him and similarly situated individuals. Again, plaintiff asserts only a generalized grievance here. He thus lacks standing to bring his claim. *See Lujan*, 504 U.S. at 573–74. Furthermore, § 1971 prohibits discrimination against voters and interference with voting rights. Plaintiff, whose allegations pertain to campaign fundraising, simply has not stated a claim under this statute.

### D. *Conspiracy in Violation of 42 U.S.C. § 1985*

Plaintiff claims that the President has conspired to violate his civil rights by covering up his alleged dual allegiance. Specifically, he alleges that he has been "directly injured by those who have been deployed in support of the conspiracy to surround, channel and mis-direct [sic] Taitz's legal actions." Plaintiff further claims, among other allegations, that the President has conspired to prevent officials from performing their duties, to prevent candidates from accepting office, and to intimidate judges and witnesses.

Plaintiff has not shown that he has suffered a particularized injury, nor has he demonstrated a causal connection between his injury and the President's alleged conduct. *See Lujan*, 504 U.S. at 560. Moreover, he cannot establish standing by asserting the injuries of others. *See id.* He thus lacks standing to bring his claims.

### E. *Unjust Enrichment*

Plaintiff seeks damages, claiming that the President has been unjustly enriched through plaintiff's injuries. Because plaintiff lacks standing to assert any of the claims in his complaint, there is no basis upon which to award him damages.

### III. <u>CONCLUSION</u>

For the reasons set forth above, it is hereby

ORDERED that plaintiff's complaint [1] is DISMISSED without prejudice.

**SO ORDERED.**

Signed by Royce C. Lamberth, Chief Judge, on January 5, 2011.